50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael MENDENHALL, Plaintiff-Appellant,
v.
State of Alaska, Attorney General Charles COLE; City of
Kotzebue, Alaska; Larry Wallace, Chief of Police,
et al., Defendants-Appellees.
 No. 93-35990.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided March 1, 1995.
 
 IN PART, VACATED AND REMANDED IN PART.
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alaska state prisoner Michael Mendenhall appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failure to state a claim. Mendenhall alleges that defendants violated his right to a fair and impartial criminal trial, and his Fourth Amendment right to be free from unreasonable searches and seizures. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm the district court's order of dismissal, but modify the dismissal to be without prejudice as to those claims involving the validity of Mendenhall's criminal trial and conviction.
 
 
 3
 In his complaint, Mendenhall alleged that the grand jury in his case was not properly instructed on the applicable law, that defendants improperly admitted evidence and offered erroneous testimony at his murder trial, that his trial counsel was ineffective, and that police did not obtain a proper search warrant prior to conducting their search of a particular premises.
 
 
 4
 A. Claims Relating to Mendenhall's Conviction
 
 
 5
 The district court properly dismissed those portions of Mendenhall's section 1983 action relating to the constitutionality of his criminal trial and grand jury proceedings because a judgment in Mendenhall's favor on those claims "would necessarily imply the invalidity of his conviction." Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Because there is no indication that Mendenhall's conviction has been invalidated or otherwise called into question, Mendenhall's section 1983 claims have not accrued at this time. Id. at 2372.
 
 
 6
 We affirm the district court's dismissal of those section 1983 claims relating to the validity of Mendenhall's conviction, but vacate and remand so that the dismissal may be entered without prejudice. This will allow Mendenhall to file another section 1983 action should he demonstrate that his conviction has been overturned or otherwise invalidated by the state or by the grant of a writ of habeas corpus. Id.
 
 
 7
 To the extent that Mendenhall sought to have his conviction overturned, the district court properly recognized that a writ of habeas corpus was Mendenhall's exclusive remedy. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir.1984). We find no abuse of discretion in the district court's dismissal of any alleged habeas claims because the record indicates that Mendenhall was pursuing a parallel habeas action in district court.
 
 B. Fourth Amendment Claim
 
 8
 In Heck, the Supreme Court concluded that because of doctrines like independent source, inevitable discovery, and harmless error, a successful section 1983 action for an unreasonable search "would not necessarily imply that the plaintiff's conviction was unlawful." Heck, 114 S.Ct. at 2372-73 n. 7. We assume for purposes of decision that Mendenhall's claim that defendants conducted an illegal search does not imply the invalidity of his conviction, see id., and that his Fourth Amendment claim for damages has accrued, see id. at 2373.
 
 
 9
 Mendenhall contends the search warrant was invalid because it did not specify what items were to be searched and seized. This contention lacks merit.
 
 
 10
 The search warrant's description of things to be seized "must be specific enough to enable the person conducting the search reasonably to identify the things authorized to be seized." United States v. Spilotro, 800 F.2d 959, 963 (9th Cir.1986). "This requirement prevents general, exploratory searches and indiscriminate rummaging through a person's belongings." Id. In determining whether a search warrant is sufficiently precise, we consider the following: (1) whether probable cause exists to seize all items of a particular type described in the warrant; (2) whether the warrant sets out objective standards by which the executing officers can differentiate items subject to seizure from those which are not; and (3) whether the government was able to describe the items more particularly in light of the information available at the time the warrant was issued. Id.
 
 
 11
 Here, we agree with the district court that the warrant was valid on its face because it stated that the issuing judge had probable cause to believe that the premises contained property, specifically Mendenhall's clothing and the blood and hairs of his victim, which constituted evidence of the crime of attempted murder.[1] Given these circumstances, the district court properly dismissed Mendenhall's Fourth Amendment claim. See id.
 
 
 12
 We affirm the district court's dismissal of Mendenhall's Fourth Amendment claim. We affirm under Heck, the district court's dismissal of those portions of Mendenhall's action which challenge his conviction. Nevertheless, we vacate that portion of the dismissal and remand with directions that the dismissal be entered without prejudice.
 
 
 13
 AFFIRMED in part VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court properly considered the warrant when ruling of the defendants motion to dismiss because Mendenhall's complaint "specifically referred to the warrant and its authenticity was not questioned." Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir.), cert. denied 114 S.Ct. 2704 (1994)